# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**KARL SMITH,**

      **Plaintiff,**

v.                                                                           Case No:  6:17-cv-1372-Orl-41DCI

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

Karl Smith (Claimant) appeals to the District Court from a final decision of the Commissioner of Social Security (the Commissioner) denying his application for disability insurance benefits.  Doc. 1; R. 1-3, 158-59.  Claimant argued that the Administrative Law Judge (the ALJ) erred by: 1) failing to apply the correct legal standards to the opinion of Brian Dowdell, M.D.; 2) failing to properly account for Claimant's alleged need to use a cane; and 3) failing to properly evaluate Claimant's allegations of pain and limitations.  Doc. 15 at 10-25.  For the reasons set forth below, it is **RECOMMENDED** that the Commissioner's final decision be **AFFIRMED**.

### I. THE ALJ'S DECISION

In November 2013, Claimant filed an application for disability insurance benefits.  R. 158-59.  Claimant alleged a disability onset date of May 20, 2013.  *Id*.

The ALJ issued his decision on June 2, 2016.  R. 17-31.  In his decision, the ALJ found that Claimant had the following severe impairments: lumbar disc disease with radiculopathy, thoracic disc disease, depressive disorder with anxiety, plantar fasciitis, arthralgia, knee strain/sprain, obesity, chronic pain syndrome, and sleep disorder.  R. 19.  The ALJ found that

Claimant had a residual functional capacity (RFC) to perform less than a full range of sedentary work as defined by 20 C.F.R. § 404.1567(a).[1]  R. 21.  Specifically, the ALJ found as follows:

> [C]laimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) with limitations. The claimant requires a sit/stand option that allows for a change of position at least every 30 minutes, which is a brief positional change lasting no more than 3 minutes at a time where he remains at the workstation during the positional change. In a normal 8-hour workday with normal work breaks, the claimant can stand/walk up to 2 hours and sit for up to 6 hours. The claimant is limited to only occasional use of foot controls; no more than occasional overhead reaching; only occasional climbing of ramps/stairs, but never climbing of ladders or scaffolds. The claimant is limited to no more than frequent balancing, stooping, or crouching; no more than occasional kneeling; and no crawling. The claimant must avoid work around unprotected heights or moving mechanical parts; and he must avoid exposure to temperature extremes. The claimant is limited to simple tasks; simple work related decision; he is limited to no more than occasional interaction with supervisors, co-workers and the general public; and time off task would be accommodated by normal work breaks.

*Id*.  The ALJ posed a hypothetical question to the vocational expert (VE) that was consistent with the foregoing RFC determination, and the VE testified that Claimant was capable of performing jobs in the national economy.  R. 59-60.  The ALJ thus found that Claimant was capable of performing jobs that existed in significant numbers in the national economy.  R. 29-31.  Therefore, the ALJ found that Claimant was not disabled between the alleged onset date and the date of the ALJ's decision.  *Id*.

## II.  STANDARD OF REVIEW

"In Social Security appeals, [the court] must determine whether the Commissioner's decision is 'supported by substantial evidence and based on proper legal standards.'"  *Winschel v.*

---

[1] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

*Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted).  The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560.  The district court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'"  *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

### III.   ANALYSIS

#### A. Failure to Apply the Correct Legal Standards to the Opinion of Dr. Dowdell

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work.  *Phillips*, 357 F.3d at 1238.  "The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments."  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).  The ALJ is responsible for determining the claimant's RFC.  20 C.F.R. § 404.1546(c).  In doing so, the

ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of treating, examining, and non-examining medical sources. 20 C.F.R. § 404.1545(a)(1), (3); *see also Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012).

The weighing of treating, examining, and non-examining physicians' opinions is an integral part of steps four and five of the sequential evaluation process. In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011), the Eleventh Circuit stated that: "'Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions.'" *Id*. at 1178-79 (quoting 20 C.F.R. § 404.1527(a)(2)) (alterations in original). "[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Id* at 1179 (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id*. (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).

The ALJ must consider a number of factors in determining how much weight to give each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization. 20 C.F.R. § 404.1527(c). A treating physician's opinion must be given substantial or considerable weight, unless good cause is shown to the contrary. *Winschel*, 631 F.3d at 1179; *see also* 20 C.F.R. § 404.1527(c)(2); (giving

controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence). "Good cause exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Winschel*, 631 F.3d at 1179 (quotation marks omitted).

Claimant argued that the ALJ failed to apply the correct legal standards to the opinion of Dr. Dowdell and made findings not supported by substantial evidence. Doc. 15 at 12. Specifically, Claimant argued that the ALJ overlooked the fact that Dr. Dowdell noted in 2013 that Claimant had failed conservative and surgical means of pain control and may benefit from spinal cord stimulation; overlooked the fact that Dr. Dowdell is Board Certified with a subspecialty in pain medicine; and provided conclusory reasons for rejecting Dr. Dowdell's opinion that do not establish the requisite good cause necessary to reject a treating physician's opinion. *Id*. at 12-14.

The Commissioner argued that the ALJ considered Claimant's condition as a whole, that the ALJ's decision to give partial weight to Dr. Dowdell's opinion was supported by substantial evidence, and that Claimant failed to show otherwise. *Id*. at 14-18. The undersigned agrees.

First and foremost, the undersigned finds that the reasons provided by the ALJ are not conclusory and are supported by substantial evidence. After discussing Dr. Dowdell's records, the ALJ stated as follows with regard to Dr. Dowdell's opinion:

> Accordingly, the claimant's treating pain management physician, Dr. Dowdell completed a medical questionnaire on the claimant in March 2014, in which he opined the following: the claimant primary symptoms concern low back pain and leg pain; during a normal workday the claimant will frequent experience pain symptoms severe enough to interfere with attention and concentration needed to perform simple work tasks; the claimant can walk one city block without rest or severe pain; in a normal 8-hour workday with normal work breaks, the claimant can sit for more than 2 hours at a time, stand for 2 hours at a time, he can stand/walk for 2-4 hours total, and he can sit for a total of at least 6 hours; the claimant requires periods of walking around during an 8-hour workday for at least 5 minutes, every

> 60 minutes (approximately); the claimant requires a job that permits shifting positions at will from sitting, standing or walking; the claimant has no significant limitations regarding use of his hands for fine and gross manipulation or handling; the claimant impairments are likely to produced "good days" and "bad days;" and due to his medical conditions, the claimant is likely to be absent from work about 2 days per month (Exhibit 9F).
>
> Given the above opinion evidence from Dr. Dowdell, the Regulations provide that treating source opinion(s) regarding the nature and severity of an individual's condition warrant greater weight when it is well supported by medically acceptable clinical and laboratory diagnostic techniques, and not inconsistent with other substantial evidence of record (20 CFR §404.1527(d)(2)/ 20 CFR §416.927(d)2) & SSR 96-2p). Further, weight given to conclusory statements by a medical source depends upon the extent to which it is supported by clinical findings and the extent to which it is consistent with other evidence as to the severity of the claimant's impairments. Opinions based on objective findings receive greater weight than those based on subjective findings.
>
> In the instant case, the undersigned finds some of Dr. Dowdell's medical source statements unsupported by the objective medical evidence, including his own progress notes, which denote continued conservative treatment, only mild/mild findings noted during general medical examinations, and "satisfactory" response to therapy over the course of care (Exhibits lF, 4F, 7F and 12F). Therefore, the undersigned accords only partial weight to Dr. Dowdell's medical opinion to the extent consistent with the above residual functional capacity assessment.

R. 26-27. Thus, the ALJ provided specific reasons for according only partial weight to Dr. Dowdell's opinions – i.e., that Dr. Dowdell's opinions were not supported by the objective medical evidence and his own progress notes, which showed (1) continued conservative treatment, (2) mild findings during medical examinations, and (3) satisfactory responses to therapy. And these reasons are supported by substantial evidence – i.e., Dr. Dowdell's progress notes contain descriptions of continued conservative treatment and mild findings during general examinations. Further, as the ALJ noted in his decision, Dr. Dowdell's records generally provide that Claimant exhibited a moderate response to conservative treatment. *See* R. 24-25, 303-29, 482-514, 539-62, 736-67. For instance, the ALJ discussed a 2016 record that provided as follows: Claimant's prior treatment of lumbar epidural steroid injection offered limited relief; Claimant wears his knee orthosis with

better pain control; Claimant experienced no side effects from medication; Claimant received a steroid shot in his foot with full resolution of foot pain; Claimant presented in no acute distress; Claimant's knee had full range of motion with mild pain; and Claimant had full 5/5 motor strength of the upper and lower extremities.  R. 24-25, 736-39.  The ALJ also discussed a September 2015 record wherein "Dr. Dowdell recorded findings uniformly consistent with those noted in his . . . January 2016 exam."  R. 25, 763-65.  Further, the ALJ noted that Dr. Dowdell stated as follows in the September 2015 record: "[Claimant] has done well with medical management for chronic pain, demonstrating increased function and ability to perform [activities of daily living; and] pain level is satisfactory for current therapy."  R. 25, 765.  The ALJ noted that Dr. Dowdell "continued [Claimant] on current medications as there is no evidence of adverse effects from treatment regimen."  *Id.*

      Regardless, Claimant offered no argument to suggest that the specific reasons provided by the ALJ were not supported by substantial evidence, and, thus, waived the argument.  *See, e.g.*, *Jacobus v. Comm'r of Soc. Sec.*, No. 15-14609, 2016 WL 6080607, at *3 n.2 (11th Cir. Oct. 18, 2016) (stating that claimant's perfunctory argument was arguably abandoned); *Gombash v. Comm'r of Soc. Sec.*, 566 Fed. App'x. 857, 858 n.1 (11th Cir. 2014) (stating that the issue was not properly presented on appeal where claimant provided no supporting argument); *NLRB v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived."); *Gaskey v. Colvin*, No. 4:12-CV-3833-AKK, 2014 WL 4809410, at *7 (N.D. Ala. Sept. 26, 2014) (refusing to consider claimant's argument when claimant failed to explain how the evidence undermined the ALJ's decision) (citing *Singh v. U.S. Atty. Gen*, 561 F.3d 1275, 1278 (11th Cir. 2009) ("[A]n

appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal.")).

Claimant's remaining arguments are also without merit. First, although it is true that the ALJ did not specifically discuss Dr. Dowdell's March 2013 records that provide that Claimant had failed conservative and surgical means of pain control (*see* R. 325-29), subsequent records provide that Claimant exhibited a moderate response to conservative treatment. *See* R. 24-25, 303-29, 482-514, 539-62, 736-67. For instance, Dr. Dowdell repeatedly stated in 2014 and 2015 that "[Claimant] has done well with medical management for chronic pain, demonstrating increased function and ability to perform [activities of daily living; and] pain level is satisfactory for current therapy." R. 540, 542-43, 545, 548-49, 552-53, 555, 558, 560, 562, 765; *see also* R. 737, 740, 746, 763 (noting, among other things, that Claimant reported that pain medications kept him functional and denied any adverse medication effects).

And the standard is not whether there is some evidence to support Claimant's position, but whether there is substantial evidence to support the ALJ's decision. *Barnes*, 932 F.2d at 1358 ("Even if we find that the evidence preponderates against the Secretary's decision, we must affirm if the decision is supported by substantial evidence.") (citation omitted). As previously discussed, substantial evidence supports the reasons provided by the ALJ. Further, the ALJ is not required to discuss every piece of evidence so long as the ALJ considered Claimant's condition as a whole. *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005). The ALJ did so here. *See* R. 20-29. And Claimant offered no persuasive argument to suggest that the ALJ did not consider Claimant's condition as a whole.

Finally, Claimant's unsupported argument that the ALJ overlooked Dr. Dowdell's status as a Board Certified physician with a subspecialty in pain medicine is without merit. Claimant

offered no argument to suggest why Claimant believes the ALJ overlooked Dr. Dowdell's board certification. In fact, the ALJ specifically referred to Dr. Dowdell as Claimant's pain management physician and recognized Dr. Dowdell's status as a treating physician. R. 24, 26. Moreover, Claimant failed to provide any argument or authority to support Claimant's apparent position that it is somehow error for an ALJ to not provide a complete list of each physician's board certifications. Regardless, even if the ALJ had failed to recognize Dr. Dowdell's board certification, Claimant has not demonstrated how such an alleged failure would have harmed Claimant. And the undersigned finds that any such error would be harmless in this case. *See, e.g., Lara v. Comm'r of Soc. Sec.*, 2017 WL 3098126, at *6 (11th Cir. July 21, 2017) (finding that any error in failing to assign weight to an opinion was harmless where the ALJ's decision reflected that the ALJ had considered the records and the ALJ's decision was consistent with the records); *Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005) (per curiam) (failure to weigh a medical opinion is harmless error if the opinion does not directly contradict the ALJ's RFC determination); *Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) (per curiam) (similar). As the undersigned just discussed, the ALJ expressly referred to Dr. Dowdell as Claimant's "treating pain management physician" and provided good cause for assigning only partial weight to Dr. Dowdell's opinion.

Accordingly, it is **RECOMMENDED** that the Court reject Claimant's first assignment of error.

### B.   Failure to Properly Account for Claimant's Cane

Claimant argued that the ALJ erred by failing to include Claimant's alleged need to use a cane in the RFC. Doc. 15 at 18-19. Claimant argued that there is nothing in the record to indicate how the ALJ determined that Claimant's alleged need to use a cane outside the home would not

preclude him from performing sedentary work as set forth in the RFC. *Id*. at 18. Claimant also noted as follows:

> SSR 96-6p provides that "[t]he adjudicator must always consider the particular facts of a case. For example, if a medically required hand-held assistive device is needed only for prolonged ambulation, walking on uneven terrain, or ascending or descending slopes, *the unskilled sedentary occupational base will not ordinarily be significantly eroded*." However, in other types of situations, SSR96-6p further provides that it may be useful to consult a vocational expert.
>
> In this case, the ALJ should have included the need to use a cane in the residual functional capacity assessment and hypothetical question to the vocational expert. The ALJ failed to apply the correct legal standards and made findings not supported by substantial evidence.

*Id*. at 19 (citing SSR 96-6p) (emphasis added). But Claimant provided no argument whatsoever regarding the alleged manner in which he must use his cane and why using his cane in that manner allegedly prevents him from performing sedentary work as set forth in the RFC. *Id*. at 18-19. The undersigned will not speculate on behalf of Claimant as to how his alleged need to use a cane might possibly contradict the RFC. As such, Claimant failed to demonstrate how his alleged need to use a cane contradicts the RFC, and any error would be harmless. *See Wright*, 153 F. App'x at 684 (failure to weigh a medical opinion is harmless error if the opinion does not directly contradict the ALJ's RFC determination). Regardless, Claimant waived the argument by raising it in a perfunctory manner. *See, e.g.*, *Jacobus*, 2016 WL 6080607, at *3 n.2 (stating that claimant's perfunctory argument was arguably abandoned).

Further, the ALJ expressly considered Claimant's alleged need to use a cane outside his home, and found that "this would not preclude him from sedentary work as set forth in the above residual functional capacity assessment." R. 29. Claimant offered no argument and cited no record evidence to suggest that his use of a cane significantly eroded his ability to perform sedentary work. And substantial evidence otherwise supports the ALJ's determination that Claimant was

capable of sedentary work despite Claimant's alleged need to use a cane. *See* R. 20-29. As such, the undersigned finds that the ALJ's determination was supported by substantial evidence.

Accordingly, it is **RECOMMENDED** that the Court reject Claimant's second assignment of error.

### C. The ALJ's Credibility Determination

Claimant argued that the ALJ failed to properly evaluate Claimant's allegations of pain and limitations. Doc. 15 at 20-22. Specifically, Claimant argued that the ALJ provided only two reasons for discrediting Claimant's testimony, and that neither reason was sufficient justification for doing so. *Id*. Claimant argued that his daily activities were not inconsistent with his testimony, and that the ALJ erroneously relied upon objective diagnostic testing and clinical findings. *Id*.

The Commissioner argued that substantial evidence supports the ALJ's credibility determination. *Id*. at 22-25. The Commissioner also argued that the ALJ articulated additional reasons for discrediting Claimant's testimony that Claimant failed to describe in his argument. *Id*. The undersigned agrees.

A claimant may establish "disability through his own testimony of pain or other subjective symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). A claimant seeking to establish disability through his or her own testimony must show:

> (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (per curiam). If the ALJ determines that the claimant has a medically determinable impairment that could reasonably produce the claimant's alleged pain or other symptoms, the ALJ must then evaluate the extent to which the intensity and persistence of those symptoms limit the claimant's ability to work. 20 C.F.R. §

404.1529(c)(1).  In doing so, the ALJ considers a variety of evidence, including, but not limited to, the claimant's history, the medical signs and laboratory findings, the claimant's statements, medical source opinions, and other evidence of how the pain affects the claimant's daily activities and ability to work.  *Id*. at § 404.1529(c)(1)-(3).  "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Foote*, 67 F.3d at 1561-62.  The Court will not disturb a clearly articulated credibility finding that is supported by substantial evidence.  *See Foote*, 67 F.3d at 1562.

> In his decision, the ALJ stated as follows with regard to Claimant's credibility:
>
> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.
>
> For instance, despite his above-reported limitations, the record and hearing testimony reveals he regularly engages in fairly broad range of activities of daily living without significant difficulty or need for assistance. This includes driving his two sons to school and picking them up after school every day; managing personal care (bathing, grooming, feeding self, etc.), preparing simple meals; regularly attending doctor appointments; watching television; and occasionally going out to dinner (about once per month).
>
> Furthermore, the record fails to convey objective diagnostic testing or other positive clinical findings to suggest the claimant's impairments reach a level of severity to support a conclusion of 'disabled' under the Regulations. Specifically, treating and examining medical sources have similarly recorded only mild to moderate findings concerning the claimant's impairments; his musculoskeletal/neurological exams are largely within normal range with no acute deficits in sensory, reflex or motor strength; and he is observed as "ambulatory with a cane." Moreover, *the claimant's (physical and mental) medical conditions appear manageable with appropriate follow-up care, conservative treatment and compliance*. This is discussed below. . . .

R. 23 (emphasis added).  Claimant did not challenge the ALJ's finding that Claimant's testimony was not entirely credible because Claimant's medical conditions appeared manageable with

appropriate follow-up care, conservative treatment, and compliance. As such, Claimant has waived the argument, s*ee, e.g.*, *Jacobus*, 2016 WL 6080607, at *3 n.2, and conceded that the ALJ's finding was proper. Thus, Claimant conceded that any error the ALJ may have committed by discussing Claimant's activities of daily living and clinical findings was harmless, as the ALJ's decision was still supported by that evidence, which the undersigned finds is substantial. *See Wilson v. Comm'r of Soc. Sec.*, 500 F. App'x 857, 859-60 (11th Cir. 2012) (noting that remand was unwarranted even if the ALJ cited an improper finding to support his adverse credibility determination because there was sufficient evidence within the record to support the ALJ's other reasoning for his adverse credibility determination); *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003) (holding that an ALJ's failure to consider a claimant's inability to afford treatment did not constitute reversible error when the ALJ did not rely primarily on a lack of treatment to find that the claimant was not disabled); s*ee also D'Andrea v. Comm'r of Soc. Sec. Admin.*, 389 F. App'x 944, 948 (11th Cir. 2010) (per curiam) (rejecting argument that ALJ failed to accord proper weight to treating physician's opinion "because the ALJ articulated at least one specific reason for disregarding the opinion and the record supports it."); *see also Gilmore v. Astrue*, 2010 WL 989635, at *14-18 (N.D. Fla. Feb. 18, 2010) (finding that the ALJ's decision to discount a treating physician's opinion was supported by substantial evidence, even though two of the many reasons articulated by the ALJ were not supported by substantial evidence).

In addition, Claimant has not demonstrated that it was error for the ALJ to rely partially on Claimant's activities of daily living and clinical findings. Although Claimant generally asserted that his activities of daily living were not inconsistent with his alleged limitations, Claimant provided no argument to that effect. Claimant did not challenge any of the specific activities of daily living listed by the ALJ, and did not explain how those activities are not inconsistent with

Claimant's allegations. Nor did Claimant explain why it was allegedly improper for the ALJ to partially rely upon Claimant's clinical findings when discrediting Claimant's testimony.[2] Regardless, the undersigned finds that it was appropriate for the ALJ to consider Claimant's activities of daily living and clinical findings. *See* 20 C.F.R. § 404.1529(c); *Dyer*, 395 F.3d at 1210-11. The undersigned further finds that the ALJ provided clearly articulated reasons for his credibility finding and that those reasons support the ALJ's position and are supported by substantial evidence. *See e.g.*, R. 20-29, 303-29, 482-514, 539-62, 736-67. And the undersigned will not disturb a clearly articulated credibility finding that is supported by substantial evidence. *See Foote*, 67 F.3d at 1562.

Finally, the undersigned notes that Claimant, in making his arguments, failed to specifically reference or identify any of his own testimony. In other words, Claimant provided the Court with no indication of which testimony the ALJ allegedly discredited improperly. It is axiomatic that the claimant bears the burden of demonstrating that he or she is disabled. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). Here, Claimant failed to identify which testimony the ALJ allegedly discredited improperly. That failure frustrates the Court's review of Claimant's arguments. As such, the Court finds that Claimant's argument attacking the ALJ's credibility determination does not provide a proper basis for the Court to reverse the ALJ's credibility determination.

Accordingly, it is **RECOMMENDED** that the Court reject Claimant's third assignment of error.

---

[2] Claimant instead appeared to argue that it was improper for an ALJ to "solely" rely on the objective medical evidence and clinical findings. Doc. 15 at 21. But the ALJ did not do that here.

## IV. CONCLUSION

For the reasons stated above, it is **RECOMMENDED** that the Court:

1. **AFFIRM** the final decision of the Commissioner; and

2. Direct the Clerk to enter judgment in favor of the Commissioner and against Claimant, and close the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 13, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy